UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JERRY BRADFORD VAUGHN                                                                PLAINTIFF

v.                                                                    CIVIL ACTION NO. 5:22CV-P35-TBR

DAVID KNIGHT *et al.*                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Bradford Vaughn filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims and give him an opportunity to amend the complaint.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a pretrial detainee at the McCracken County Jail (MCJ), sues David Knight, identified as the MCJ "Head Jailer"; Captains Stephen Carter and Darrel Carr; and Sergeants Mary Carter and Larhi Sullenger. He sues each Defendant in his or her official and individual capacities.

Plaintiff states that he was assaulted by another inmate at MCJ and was moved to protective custody. He reports that he then got into an argument with another inmate and was moved to a "discipline cell." He asserts that after two or three days, he asked to move back to his cell but "was left in the discipline cell for 28 days and I had done nothing wrong nor did I break any rules to be put on discipline." Plaintiff states that on the 28th day "the officers" brought in another inmate out of a general population cell and "placed him in the 2 man cell with me. Because of my protective custody status and my mental conditions this inmate out of a violent cell starting beating me badly about my face and even knocked out 2 of my teeth." He

maintains, "I should have never been placed in a cell especially a discipline cell with another inmate that was not on protective custody status. I believe this was done intentionally by the staff because they do not like me." He further states, "Because of my protective custody status should protect me and not have my health and life in danger due to the fact that the staff members do not like or are incompetent in their jobs and cannot follow proper procedure and protocol on protective custody." Plaintiff alleges that this violated the Eighth Amendment.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to

be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

#### A.  *Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants are actually brought against their employer, McCracken County.  *Id.* at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the

liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any of the actions taken against him occurred pursuant to a policy or custom of McCracken County. In fact, he alleges that Defendants did not follow "proper procedure." Accordingly, his official-capacity claims against all Defendants must be dismissed for failure to state a claim upon which relief may be granted.

## B. *Individual-capacity claims*

With regard to Plaintiff's individual-capacity claims, Plaintiff alleges violations of the Eighth Amendment. The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides similar protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). Because Plaintiff is a pretrial detainee, his allegations fall under the Fourteenth Amendment. Therefore, the Court will dismiss the Eighth Amendment claims for failure to state a claim upon which relief may be granted.

Moreover, "claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where

the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *see also Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted).

Plaintiff's complaint fails to make any specific allegation against any of the named Defendants. Therefore, his individual-capacity claims are also subject to dismissal for failure to state a claim.

Before dismissing the complaint, however, the Court will give Plaintiff an opportunity to file an amended complaint alleging how each Defendant was personally involved in the violation of his rights.

### III.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants and claims under the Eighth Amendment are **DISMISSED** pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff shall file an amended complaint** to make specific allegations against each Defendant and describe how he alleges each Defendant violated his rights. The amended complaint will **supersede** the original complaint, and the Court will conduct an initial review of the amended complaint pursuant to § 1915A.

Should Plaintiff fail to file an amended complaint within the allotted amount of time, **Plaintiff is WARNED that this action will be dismissed for the reasons set forth herein.**

**The Clerk of Court is DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form packet with this case number and "Amended" written in the caption.

Date:
July 18, 2022

**Thomas B. Russell, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     McCracken County Attorney
4413.010