UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JERRY BRADFORD VAUGHN                                             PLAINTIFF

v.                                        CIVIL ACTION NO. 5:22CV-P35-TBR

DAVID KNIGHT *et al.*                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jerry Bradford Vaughn filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.

The Court conducted an initial review of the original complaint pursuant to 28 U.S.C. § 1915A

(DN 1) and entered a Memorandum Opinion and Order dismissing Plaintiff's official-capacity

claims against all Defendants and claims under the Eighth Amendment (DN 6).  The Court also

gave Plaintiff the opportunity to file an amended complaint to make specific allegations against

each Defendant and describe how he alleges each Defendant violated his rights.

Plaintiff filed an amended complaint (DN 7), which is now before the Court for initial

review pursuant to § 1915A.  For the reasons set forth below, the Court will dismiss the action.

**I.  SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, a pretrial detainee at the McCracken County Jail (MCJ), sues Jailer David

Knight in his individual and official capacity.  He sues Captain Stephen Carter, Captain Darrel

Carr, and Sergeant Mary Cater in their official capacities only.  He also sues Sergeant Larhi

Sullenger but does not state in what capacity he sues this Defendant.

Plaintiff states, "I was assaulted by another inmate, who goes by Maxell Jew, which a

keep away was put on him.  Why he was not charge with the assault do not know it was not

properly investigating and my constitutional rights were violated."  He further asserts, "The

moring shif which one guard named Duffy and another guard which I don't know his name.  I

was moved to protective custody.  This inmate was in the color red."  Plaintiff continues, "He

stated I don't like . . . you, and told his buddy I am fixing to get separate charges.  Never

happen."  He asserts, "This man was inmate out of general population cell color red violent

started beating me badly about my face and knocked several of my teeth out."  Plaintiff states,

"Because of my protective custody status should protect me and not have my health and life due

to the staff member do not like me or are incompetent in there jobs can not follow proper

procedure and protocol on protective[.]"

    As relief, Plaintiff seeks compensatory and punitive damages and unspecified injunctive

relief.

## II.  STANDARD

    When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

    In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466

(6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of

legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.  ANALYSIS

### A.  Official-capacity claims

As the Court found previously in conducting its initial review of the original complaint pursuant to § 1915A, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Therefore, Plaintiff's official-capacity claims against Defendants are actually brought against their employer, McCracken County.  *Id*. at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution

of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any of the actions taken against him occurred pursuant to a policy or custom of McCracken County.  Accordingly, his official-capacity claims against all Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### B.  Individual-capacity claim against Defendant Knight

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *see also Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted).

The amended complaint fails to make any specific allegations against Defendant Knight, even after the Court allowed Plaintiff to amend his complaint and directed him "to make specific allegations against each Defendant and describe how he alleges each Defendant violated his right" (DN 6).  To the extent Plaintiff sues Defendant Knight based on his role as a  supervisor of other MCJ personnel, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Therefore, the individual-capacity claim against Defendant Knight must be dismissed for failure to state a claim upon which relief may be granted.

Further, even if Plaintiff had sued the other Defendants in their individual capacities, he does not make any specific allegations against any of the other Defendants.  The only guards Plaintiff mentions are "one guard named Duffy and another guard which I don't know his name[,]" but he does not name Duffy or a John Doe guard as a Defendant.  Moreover, the complaint seems to allege that Duffy and the other guard moved him into protective custody and, therefore, did not violate Plaintiff's rights.

Plaintiff having failed to make any specific factual allegations against any of the Defendants, the Court must dismiss the amended complaint for failure to state a claim upon which relief may be granted.  The Court will enter a separate Order of dismissal.

Date:    August 23, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       McCracken County Attorney
4413.010

5